# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3667

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Oscar Gonzalez-Briso, also known as | * | |
| Javier Alvarado-Andrade, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| ------------------------------ | * | District Court for the |
| | * | Southern District of Iowa. |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Oscar Gonzalez-Briso, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 25, 2003

Filed: June 30, 2003

_____

Before LOKEN, Chief Judge, BOWMAN, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Oscar Gonzalez-Briso pleaded guilty to illegal reentry after deportation following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326; and a jury found him guilty of conspiring to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, distributing methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(C), and distributing more than 5 grams of actual methamphetamine or 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. The district court[1] imposed concurrent sentences of 240 months of imprisonment on each count, to be followed by concurrent periods of 10 years of supervised release on the drug counts and 3 years on the illegal-reentry count. Gonzalez-Briso appeals, and his counsel has moved to withdraw. In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that the district court erred in denying Gonzalez-Briso's motion for a mistrial based on juror misconduct and in denying his motion for a new trial based upon newly discovered evidence. Gonzalez-Briso has not filed a pro se supplemental brief.

We find that the denial of Gonzalez-Briso's mistrial motion, which was based on remarks made by a prospective juror to other members of the jury pool, was not an abuse of discretion. The district court questioned the prospective jurors immediately after learning of the incident, and nothing in the record indicates that any juror was prejudiced by the remarks. See United States v. Evans, 272 F.3d 1069, 1079 (8th Cir. 2001) (standard of review), cert. denied, 535 U.S. 1029 (2002); United States v. Rowley, 975 F.2d 1357, 1363 (8th Cir. 1992). We also find no abuse of discretion in the district court's denial of a new trial, as the proffered new evidence was merely impeaching and not likely to lead to an acquittal. See United States v.

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

-2-

Ross, 279 F.3d 600, 610 (8th Cir. 2002) (standard of review); United States v. Zuazo, 243 F.3d 428, 431 (8th Cir. 2001).

Further, having reviewed the record under Penson v. Ohio, 488 U.S. 75, 88 (1988), we find no nonfrivolous issues.

Accordingly, counsel's motion to withdraw is granted, and the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.